People v St Denis (2019 NY Slip Op 08047)





People v Denis


2019 NY Slip Op 08047


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


980 KA 17-00612

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS ST DENIS, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered December 5, 2016. The judgment convicted defendant upon his plea of guilty of attempted assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea and waiver of indictment are vacated, the superior court information is dismissed, and the matter is remitted to Supreme Court, Ontario County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]), defendant contends that his waiver of indictment is jurisdictionally defective because it does not contain the "approximate time" of the offense (CPL 195.20). We agree. A jurisdictionally valid waiver of indictment must contain, inter alia, the "approximate time" of each offense charged in the superior court information (SCI) (id.; see People v Vaughn, 173 AD3d 1260, 1261 [3d Dept 2019]; People v Busch-Scardino, 166 AD3d 1314, 1315-1316 [3d Dept 2018]; see also People v Edwards, 171 AD3d 1402, 1403 [3d Dept 2019]). That requirement is strictly enforced (see People v Colon-Colon, 169 AD3d 187, 192 [4th Dept 2019], lv denied 33 NY3d 975 [2019]). " [S]ubstantial compliance will not be tolerated' " (id. at 191). Here, the waiver of indictment does not contain the approximate time of the offense (see Vaughn, 173 AD3d at 1261). Inasmuch as the SCI also does not contain that information, we need not consider whether to adopt the so-called "single document" rule (Busch-Scardino, 166 AD3d at 1315; see generally People v Lamoni, 230 AD2d 628, 629 [1st Dept 1996], lv denied 89 NY2d 925 [1996]). We therefore reverse the judgment, vacate the plea and waiver of indictment, and dismiss the
SCI (see Colon-Colon, 169 AD3d at 193-194).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court